| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Emilia N. McAfee, Esq, ( SBN 231111)<br>WE LEGAL A.P.C<br>11801 PIERCE ST STE 200<br>RIVERSIDE CA 92503<br>PHONE- 951-268-1355<br>FAX- 877-400-5591<br>EMILIA@WELEGALAPC.COM<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* EVAN TODD AND ELIZABETH FLYNN | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>EVAN TODD FLYNN AND ELIZABETH FLYNN | CASE NO.: 6:18-BK-10873-MH<br>CHAPTER 13 |
|---|---|
| | **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p)** |
| Debtor(s). | [No Hearing Required] |

Debtor moves this court for an order authorizing the Debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1. Debtor's Chapter 13 Plan (Plan) was confirmed on: 05/16/2018 .

2. Debtor wishes to sell the real property (Property) located at:
   2622 Serra Del Leon, Corona CA 92882

   The Property is more particularly described in Exhibit "A" attached hereto.

   ☒ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 1                                F 3015-1.16.MOTION.SELL.RP

3. The sale price of the Property is $ 687,500.00 _____. The following are all of the encumbrances of record against the Property:
   a. DITECH FINANCIAL SERVICES
   b. WELLS FARGO HOME EQUITY
   c. _____
   d. _____
   e. _____

   *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
   [X] there will remain the approximate sum of $ 450,000.00 ____; OR
   [ ] no proceeds will remain.

5. [X] (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
   [X] 100% dividend to unsecured creditors; OR
   [ ] _____% divided as indicated in the confirmed plan.
   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.
   OR
   [ ] (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The sale is for the fair market value of the Property.

6. The escrow is being processed by:
   Escrow company name: VERSAL ESCROW SERVICES, INC
   Address: 1200 NEWPORT CENTER DRIVE STE 100
   NEWPORT BEACH CA 92660

   Telephone: 949-554-1275
   Facsimile: 949-554-275
   Escrow officer: PAULINE KENNEDY
   Escrow number: 001478-PK

7. Supporting documents attached to this Motion are:
   a. Exhibit A – Legal description with street address
   b. Exhibit B – Escrow instructions and documents
   c. Exhibit C – Estimated closing statement
   d. Exhibit D – Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date: 05/23/2018

_____
Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date: 05/23/2018

_____
Debtor

Date: 05/23/2018

_____
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                         F 3015-1.16.MOTION.SELL.RP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11801 PIERCE ST STE 200 RIVERSIDE CA 92505

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 05/23/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Adam N Barasch   anb@severson.com,•Rod Danielson (TR)   notice-efile@rodan13.com;•Gavin L Greene   gavin.greene@usdoj.gov, USACAC.criminal@usdoj.gov•Nancy L Lee   bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com; melissa@apnagellaw.com;claims@recoverycorp.com;cdcaecf@bdfgroup.com United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov;Darlene C Vigil   cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 05/23/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/23/2018 | Emilia N .McAfee | /s/ Emilia N. McAfee |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3                    F 3015-1.16.MOTION.SELL.RP

# EXHIBIT "A"
Legal Description

**For APN/Parcel ID(s): 102-802-016-8**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Lot 16 of tract 24221, as shown by map on file in book 256, page(s) 8 through 12, of maps, records of Riverside County, California.



VERSAL ESCROW SERVICES, INC.

1200 Newport Center Drive #140
Newport Beach, CA 92660

Phone: (949) 554-1275
Fax: (949) 610-7546

**Versal Escrow Services, Inc. conducts escrow business under Department of Business Oversight State of California Escrow License 96DBO-36059.**

**ADDENDUM TO RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS**
**DATED May 14, 2018**

Pauline Kennedy
Escrow Officer

**Escrow No.:** 001478-PK
**Date:** May 15, 2018

We, the undersigned, hand you a copy of the **Residential Purchase Agreement and Joint Escrow Instructions dated May 14, 2018 including Seller Multiple Counter Offer dated May 12, 2018, Buyer Counter Offer No. 1 dated May 13, 2018 and Contingency for Sale of Buyer's Property** which have been executed by all parties by all parties outside of escrow. Your duties and responsibilities are limited to those paragraphs specified in paragraph 20, of the original deposit receipt.

| | |
|---|---:|
| Buyer initial deposit in the amount of | 6,750.00 |
| **Total Consideration** | **$687,500.00** |

We will deliver to you any instruments which this escrow requires, fully executed, all of which you are instructed to use provided that on or before **June 13, 2018** you hold a policy of title insurance issued by **Chicago Title Company** with a liability of **$687,500.00** covering property:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

**SELLER STATES THAT THE PROPERTY ADDRESS IS:** 2662 Sierra Del Leon, Corona, CA 92882

**TITLE POLICY TO SHOW TITLE VESTED IN:** Debbie J. Viva, an Unmarried Woman

**Escrow Holder is instructed to correct the Grant Deed being delivered in the above numbered escrow to reflect the vesting designated by Buyer, over the signed and notarized signatures of Seller(s) herein.**

**FREE FROM ENCUMBRANCES EXCEPT:**

(1)   General and special Taxes for the fiscal year 2017/2018, including bonds, special assessments, assessed against former owner, and/or supplemental taxes assessed pursuant to the provisions of Chapter 498, Statutes of the State of California. (Change of Ownership will affect the taxes to be paid. A Supplemental Tax Bill will be issued and BUYER accepts all responsibility for all additional taxes due because of said reassessment. TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYERS AND SELLERS.)

(2)   Covenants, conditions, restrictions, reservations, rights, rights of way, and easements, and any oil, gas, or mineral reservations now of record, if any.

(CONTINUED)

Seller's Initials: _____/_____         Buyer's Initials: _____/_____

Date: May 15, 2018                                                                                            Escrow No.: 001478-PK

Page 2 of 7: Additional instructions made a part of previous pages as fully incorporated therein.

**INSTRUCTIONS:**

A.    **DISCLOSURE:** FNF Escrow Holdings II, LLC and HOM/Versal LLC are shareholders within the corporation known as Versal Escrow Services, Inc.

B.    **BUYER'S CONTINGENCY:** This escrow is contingent upon the successful close of escrow of buyer's present property located at 4735 Blue Mountain, Yorba Linda, CA.

C.    **SELLER'S CONTINGENCY:** This escrow is contingent on Seller receiving an order authorizing sale of property from the Trustee of the Bankruptcy Court.

D.    **CLOSING COSTS:** Seller and Buyer herein, agree to each pay their own normal and customary closing costs. Seller herein agrees to pay all Seller's usual costs and charges in this transaction which may include, but not limited to the Owners Policy of Title Insurance, notary fee, reconveyance fee, if any, recording fees, Seller's escrow fee and documentary transfer tax. Buyer agrees to pay all Buyer's usual costs and charges in this transaction which may include, but not limited to Buyers loan fees and costs, if any, ALTA Policy of Title Insurance, if any, Buyer's escrow fee, notary fee and recording fees.

E.    **PRORATIONS:** Prorate as of Close of Escrow
- Real Property taxes based on latest tax bill or on amount furnished by title company.

F.    **CLOSING FUNDS:** Each party acknowledges that the close of escrow is conditioned on check clearances. Funds to close must be in the form of a Cashier's Check drawn on a bank with clearing house in the State of California OR a wire transfer to VERSAL ESCROW SERVICES, INC. Trust Account, and be deposited at least (2) two business days prior to recording of documents.

G.    **FIRE/HAZARD INSURANCE:** Buyer to provide new hazard insurance, as required by Buyer's new lender, and Escrow Holder is instructed to pay first year's premium from funds deposited by Buyer, at the close of escrow, unless provided with a paid-premium receipt.

H.    **NATURAL HAZARD DISCLOSURE REPORT:** Seller shall pay and deliver to Buyer a Natural Hazard Disclosure Report issued by MyNHD.

I.    **HOME WARRANTY:** Seller shall pay for Buyer a one (1) year home protection plan issued by a company of Buyer's choice in an amount not to exceed **$500.00**. Buyer's agent shall be responsible for ordering home warranty plan for Buyer and forward the invoice to Escrow Holder prior to closing.

J.    **TERMITE REPORT AND CLEARANCE:** Seller shall furnish Buyer with a current Structural Pest Control Report and Clearance issued by a licensed structural pest control company showing the accessible portions of the structure(s) located on subject property to be free of visible evidence of active infestation by wood destroying insects, fungi and/or dry rot. Seller shall pay for work recommended to correct "Section 1" conditions described in the Report and the cost of inspection, entry and closing of those inaccessible areas where active infestation or infection is discovered.

K.    **PAYMENT OF DEMANDS:** Seller is aware that lender(s) forward their demand(s) for payment directly to the insuring title company and at close of escrow said demands are paid by the insuring title company and NOT by **VERSAL ESCROW SERVICES, INC..** Seller agrees to seek any redress directly from Lender(s) and/or the insuring title company should payment to lender(s) include additional days' interest. Seller is aware some lender(s) require payment of loans to offices outside of the area and/or outside of state. The insuring Title Company may charge messenger fees, wire fees and/or federal express fees and Seller agrees to pay same.

(CONTINUED)

Seller's Initials: _____/_____                                                          Buyer's Initials: _____/_____

Date: May 15, 2018                                                                                                       Escrow No.: 001478-PK

Page 3 of 7: Additional instructions made a part of previous pages as fully incorporated therein.

L.  **PRELIMINARY CHANGE OF OWNERSHIP FORM:** Prior to the close of escrow, Grantee shall cause to be handed to the Escrow Holder a fully completed and executed "Preliminary Change of Ownership Report" pursuant to the requirements and in accordance with Section 480.3 of the Revenue and Taxation Code, State of California. If Grantee so chooses, Grantee may elect not to complete and execute said form prior to the close of escrow. In such an event, Grantee is aware that a $20 charge will be assessed by the County Recorder's Office and Escrow Holder will charge the account of the Grantee accordingly. Escrow Holder's sole duty shall be the delivery of said form to the County Recorder at the time of the recordation of transfer documents.

M.  **GOOD FUNDS DISCLOSURE:** The parties hereto are hereby notified that Pursuant to Chapter 598, California Statutes of 1989 (AB512; INS. CODE SEC 12413.1) Effective January 1, 1990, all funds deposited in this escrow must be available for withdrawal from Escrow Holder's trust account prior to the disbursement of said funds through this escrow. Only funds deposited by electronic transfer **"WIRED FUNDS"** will be immediately deposited available for disbursement upon confirmation of deposit. Funds deposited in the form of Cashier's Check, Tellers Check or certified Check will be available for disbursement on business day after deposit. Funds deposited in any other form, including Personal, Corporate, Partnership and Mortgage or Loan Broker Checks or Drafts may cause material delays in the disbursement of funds through this escrow. To avoid delays, it is recommended that all funds be deposited by Wire Transfer or Cashier's Check. Escrow Holder will not be responsible for accruals of interest or any charges resulting from complying with the disbursement restrictions imposed by State Law.

N.  **NOTIFICATION TO BUYER AND SELLER REGARDING TAX WITHHOLDING REQUIREMENTS OF CALIFORNIA REVENUE AND TAXATION CODE SECTION 18662 AS AMENDED BY AB2065 ON SALE OF REAL PROPERTY:** As of January 1, 2003, California law requires "pay as you go" (prepayment) of income tax by withholding of 3-1/3% on all sales of real property for individuals sellers of real property, whether resident or non-resident. Individual sellers may certify under penalty of perjury on Form 593-C that as individuals sellers they are not subject to withholding due to one of the exemptions: 1) Sales price is not greater than $100,000.00; 2) the property is a principal residence of the transferor; 3) the property will be replaced in a like kind 1030 tax deferred exchange; 4) certain foreclosure transactions; or 5) seller certifies that the sale will result in a loss for California tax purposes. Non-individual sellers: 1) corporations with a permanent place of business in California; 2) partnerships or LLC's; 3) tax exempt entities, insurance companies, IRA'S or qualified pension plans; 4) irrevocable trusts with a California trustee; or 5) estates with a California decedent or bank or banks acting as a fiduciary for a trust; may also certify under penalty of perjury that they are not subject to withholding due to one of the exemptions. **The parties acknowledge that escrow holder will take no action regarding withholding without further mutual written instructions of buyer and seller in form satisfactory to escrow, together with completion of Franchise Tax Board forms. California Revenue and Taxation Code Section 18662 has (as amended by AB2065) require a BUYER of real property to withhold under CAL FIRPTA if the above-described exemptions are not met.** Seller or buyer may contact Franchise Tax Board Withholding At Source Unit, P.O. Box 651, Sacramento, CA 95812-0651, (916) 845-6442.

O.  **SUPPLEMENTAL TAX BILLS AND RE-ASSESSMENT OF TAXES AFTER THE CLOSE OF ESCROW:** Buyer and Seller instruct Escrow Holder that all SUPPLEMENTAL TAXES assessed prior to the close of escrow shall be paid by the Seller. If the supplement tax bill covers the current tax year, Escrow Holder is authorized and instructed to prorate the supplemental taxes.

In the event Escrow Holder receives notice of supplemental tax bills immediately prior to or on the date escrow closes, Escrow Holder is to pay bills from proceeds due the Seller and prorate as instructed above. In such event, Buyer agrees to immediately deposit with Escrow Holder good funds in an amount to cover the proration of said supplemental tax bills.

Sellers are advised to submit to Escrow Holder any and all supplemental tax bills as soon as possible, but no later than five (5) business days prior to the close of escrow. **IN THE EVENT SUPPLEMENTAL TAX BILL(S) HAVE BEEN ISSUED AND THEY DO NOT SHOW ON THE TITLE REPORT, BUYER AND SELLER UNDERSTAND AND AGREE TO HANDLE ANY ADJUSTMENTS OUTSIDE OF ESCROW, UNLESS SELLER HAS DELIVERED THE SUPPLEMENTAL TAX BILL(S) TO ESCROW HOLDER.** The undersigned hereby hold harmless and indemnify Versal Escrow Services, Inc. and its employees, from and against any loss cost, damage, liability and expense including attorney's fees arising out of any claim or dispute in connection with the foregoing.

(CONTINUED)

Seller's Initials: _____/_____                                                                                       Buyer's Initials: _____/_____

Date: May 15, 2018                                                            Escrow No.: 001478-PK

Page 4 of 7: Additional instructions made a part of previous pages as fully incorporated therein.

This agreement shall survive the close of escrow.

Buyer understands that a Change of Ownership will cause a reassessment by the Tax Assessor's office. A Supplemental Tax Bill will be issued after the close of escrow and Buyer accepts total responsibility for all additional taxes due because of reassessment.

P.    **1099 FORM:** If required by law, the seller shall hand to Escrow Holder an IRS 1099 gross proceeds report, which you are to forward to the IRS in accordance with the law, and a copy thereof is to be delivered to the seller at the close of escrow. This is NOT in lieu of any tax withholding which may become applicable under FIRPTA. ESCROW HOLDER IS AUTHORIZED AND INSTRUCTED TO INSERT BUYER'S PART OF REAL ESTATE TAX PAID, OVER THE SIGNATURE OF THE SELLER, ON SAID 1099, AT THE CLOSE OF ESCROW WITHOUT ANY LIABILITY ON THE PART OF ESCROW HOLDER FOR SO DOING.

Q.    **IN THE EVENT** EITHER PARTY REQUESTS CANCELLATION OF THIS ESCROW AT ANY TIME, ALL PARTIES ARE AWARE THAT THIS ESCROW WILL NOT BE CONSIDERED CANCELLED, AND NO FUNDS WILL BE DISBURSED UNTIL ESCROW HOLDER HAS RECEIVED MUTUALLY SIGNED CANCELLATION INSTRUCTIONS FROM BUYERS AND SELLER.

*******************************************************

THESE ESCROW INSTRUCTIONS ARE NOT INTENDED TO SUPERSEDE THE REAL ESTATE PURCHASE CONTRACT AND RECEIPT FOR DEPOSIT, BUT TO CARRY OUT ITS TERMS AND CONDITIONS IN CONSUMMATING THE PURCHASE AND SALE, EXCEPT AS MAY BE AMENDED OR MODIFIED BY THE MUTUAL WRITTEN INSTRUCTIONS OF THE PARTIES.

IMPORTANT: IN A PURCHASE OR EXCHANGE OF REAL PROPERTY, IT MAY BE ADVISABLE TO OBTAIN TITLE INSURANCE IN CONNECTION WITH THE CLOSE OF ESCROW, SINCE THERE MAY BE PRIOR RECORDED LIENS AND ENCUMBRANCES WHICH AFFECT YOUR INTEREST IN THE PROPERTY BEING ACQUIRED. A NEW POLICY OF TITLE INSURANCE SHOULD BE OBTAINED IN ORDER TO ENSURE YOUR INTEREST IN THE PROPERTY THAT YOU ARE ACQUIRING.

(CONTINUED)

Seller's Initials: _____/_____                                                           Buyer's Initials: _____/_____

Date: May 15, 2018                                                                                                          Escrow No.: 001478-PK

Page 5 of 7: Additional instructions made a part of previous pages as fully incorporated therein.

## GENERAL PROVISIONS

**1. DEPOSIT OF FUNDS**
The law dealing with the disbursement of funds requires that all funds be available for withdrawal as a matter of right by the title entity's escrow and/or sub escrow account prior to disbursement of any funds. Only cash or wire-transferred funds can be given immediate availability upon deposit. Cashier's checks, teller's checks and Certified checks may be available one business day after deposit. All other funds such as personal, corporate or partnership checks and drafts are subject to mandatory holding periods which may cause material delays in disbursement of funds in this escrow. In order to avoid delays, all fundings should be wire transfer. Outgoing wire transfers will not be authorized until confirmation of the respective incoming wire transfer or of availability of deposited checks.

Deposit of funds into general escrow trust account unless instructed otherwise. You may instruct Escrow Holder to deposit your funds into an interest bearing account by signing and returning the "Escrow Instructions - Interest Bearing Account", which has been provided to you. If you do not so instruct us, then all funds received in this escrow shall be deposited with other escrow funds in one or more general escrow trust accounts, which include both non-interest bearing demand accounts and other depository accounts of Escrow Holder, in any state or national bank or savings and loan association insured by the Federal Deposit Insurance Corporation (the "depository institutions") and may be transferred to any other such escrow trust accounts of Escrow Holder or one of its affiliates, either within or outside the State of California. A general escrow trust account is restricted and protected against claims by third parties and creditors of Escrow Holder and its affiliates.

Receipt of benefits by Escrow Holder and affiliates. The parties to this escrow acknowledge that the maintenance of such general escrow trust accounts with some depository institutions may result in Escrow Holder or its affiliates being provided with an array of bank services, accommodations or other benefits by the depository institution. Some or all of these benefits may be considered interest due you. Escrow Holder or its affiliates also may elect to enter into other business transactions with or obtain loans for investment or other purposes from the depository institution. All such services, accommodations, and other benefits shall accrue to Escrow Holder or its affiliates and Escrow Holder shall have no obligation to account to the parties to this escrow for the value of such services, accommodations, interest or other benefits.

Said funds will not earn interest unless the instructions otherwise specifically state that funds shall be deposited in an interest-bearing account. All disbursements shall be made by check of Versal Escrow Services, Inc.. The principals to this escrow are hereby notified that the funds deposited herein are insured only to the limit provided by the Federal Deposit Insurance Corporation. Any instruction for bank wire will provide reasonable time or notice for Escrow Holder's compliance with such instruction. Escrow Holder's sole duty and responsibility shall be to place said wire transfer instructions with its wiring bank upon confirmation of (1) satisfaction of conditions precedent or (2) document recordation at close of escrow. Escrow Holder will NOT be held responsible for lost interest due to wire delays caused by any bank or the Federal Reserve System, and recommends that all parties make themselves aware of banking regulations with regard to placement of wires.

In the event there is insufficient time to place a wire upon any such confirmation or the wires have closed for the day, the parties agree to provide written instructions for an alternative method of disbursement. WITHOUT AN ALTERNATIVE DISBURSEMENT INSTRUCTION, FUNDS WILL BE HELD IN TRUST IN A NON-INTEREST BEARING ACCOUNT UNTIL THE NEXT OPPORTUNITY FOR WIRE PLACEMENT.

**2. PRORATIONS AND ADJUSTMENTS**
All prorations and/or adjustments called for in this escrow are to be made on the basis of a thirty (30) day month unless otherwise instructed in writing. You are to use information contained on last available tax statement, rental statement as provided by the Seller, beneficiary's statement and fire insurance policy delivered into escrow for the prorations provided for herein.

**3. SUPPLEMENTAL TAXES**
The within described property may be subject to supplemental real property taxes due to the change of ownership taking place through this escrow. Any supplemental real property taxes arising as a result of the transfer of the property to Buyer shall be the sole responsibility of Buyer and any supplemental real property taxes arising prior to the closing date shall be the sole responsibility of the Seller. TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

**4. UTILITIES/POSSESSION**
Transfer of utilities and possession of the premises are to be settled by the parties directly and outside escrow.

**5. PREPARATION AND RECORDATION OF INSTRUMENTS**
Escrow Holder is authorized to prepare, obtain, record and deliver the necessary instruments to carry out the terms and conditions of this escrow and to order the policy of title insurance to be issued at close of escrow as called for in these instructions. Close of escrow shall mean the date instruments are recorded.

**6. AUTHORIZATION TO FURNISH COPIES**
You are authorized to furnish copies of these instructions, supplements, amendments, notices of cancellation and closing statements, to the Real Estate Broker(s) and Lender(s) named in this escrow.

**7. RIGHT OF CANCELLATION**
Any principal instructing you to cancel this escrow shall file notice of cancellation in your office in writing. You shall, within two (2) working days thereafter, deliver, one copy of such notice to each of the other principals at the addresses stated in this escrow. UNLESS WRITTEN OBJECTION TO CANCELLATION IS FILED IN YOUR OFFICE BY A PRINCIPAL WITHIN TEN (10) DAYS AFTER DATE OF SUCH DELIVERY, YOU ARE AUTHORIZED TO COMPLY WITH SUCH NOTICE AND DEMAND PAYMENT OF YOUR CANCELLATION CHARGES. If written objection is filed, you are authorized to hold all money and instruments in this escrow and take no further action until otherwise directed, either by the principals' mutual written instructions, or by final order of a court of competent jurisdiction.

**8. PERSONAL PROPERTY**
No examination or insurance as to the amount or payment of personal property taxes is required unless specifically requested.
By signing these General Provisions, the parties to the escrow hereby acknowledge that they are indemnifying the Escrow Holder against any and all matters relating to any "Bulk Sales" requirements, and instruct Escrow Agent to proceed with the closing of escrow without any consideration of matter of any nature whatsoever regarding "Bulk Sales" being handled through escrow.

**9. RIGHT OF RESIGNATION**
Escrow Holder has the right to resign upon ten (10) days written notice delivered to the principals herein. If such right is exercised, all funds and documents shall be returned to the party who deposited them and Escrow Holder shall have no liability hereunder.

**10. AUTHORIZATION TO EXECUTE ASSIGNMENT OF HAZARD INSURANCE POLICIES**
Either Buyer, Seller and/or Lender may hand you the insurance agent's name and insurance policy information, and you are to execute, on behalf of the principals hereto, form assignments of interest in any insurance policy (other than title insurance) called for in this escrow, forward assignment and policy to the insurance agent, requesting that the insurer consent to such transfer and/or attach a loss payable clause and/or such other endorsements as may

(CONTINUED)

Seller's Initials: _____/_____                                                                                     Buyer's Initials: _____/_____

Date: May 15, 2018                                                                                                    Escrow No.: 001478-PK

Page 6 of 7:  Additional instructions made a part of previous pages as fully incorporated therein.

be required, and forward such policy(s) to the principals entitled thereto. It is not your responsibility to verify the information handed you or the assignability of said insurance. Your sole duty is to forward said request to insurance agent at close of escrow.
Further, there shall be no responsibility upon the part of Escrow Holder to renew hazard insurance policy(s) upon expiration or otherwise keep it in force either during or subsequent to the close of escrow. Cancellation of any existing hazard insurance policies is to be handled directly by the principals, and outside of escrow.

**11. ACTION IN INTERPLEADER**
The principals hereto expressly agree that you, as Escrow Holder, have the absolute right at your election to file an action in interpleader requiring the principals to answer and litigate their several claims and rights among themselves and you are authorized to deposit with the clerk of the court all documents and funds held in this escrow. In the event such action is filed, the principals jointly and severally agree to pay your cancellation charges and costs, expenses and reasonable attorney's fees which you are required to expend or incur in such interpleader action, the amount thereof to be fixed and judgment therefore to be rendered by the court. Upon the filing of such action, you shall thereupon be fully released and discharged from all obligations imposed by the terms of this escrow or otherwise.

**12. TERMINATION OF AGENCY OBLIGATION**
If there is no action taken on this escrow within six (6) months after the "time limit date" as set forth in the escrow instructions or written extension thereof, your agency obligation shall terminate at your option and all documents, monies or other items held by you shall be returned to the parties depositing same. In the event of cancellation of this escrow, whether it be at the request of any of the principals or otherwise, the fees and charges due Versal Escrow Services, Inc. including expenditures incurred and/or authorized shall be borne equally by the parties hereto (unless otherwise agreed to specifically).

**13. CONFLICTING INSTRUCTIONS**
Upon receipt of any conflicting instructions, you are to take no action in connection with this escrow until non-conflicting instructions are received from all of the principals to this escrow (subject to sections 7, 9, 11 and 12 above).

**14. DELIVERY/RECEIPT**
Delivery to principals as used in these instructions unless otherwise stated herein is to be by regular mail, and receipt is determined to be 72 hours after such mailing. All documents, balances and statements due to the undersigned are to be mailed to the address shown herein. All notices, change of instructions, communications and documents are to be delivered in writing to the office of Versal Escrow Services, Inc. as set forth herein.

**15. STATE/FEDERAL CODE NOTIFICATIONS**
According to Federal Law, the Seller, when applicable, will be required to complete a sales activity report that will be utilized to generate a 1099 statement to the Internal Revenue Service.
Pursuant to State Law, prior to the close of escrow, Buyer will provide Escrow Holder with a Preliminary Change of Ownership Report. In the event said report is not handed to Escrow Holder for submission to the County in which subject property is located, upon recording of the Grant Deed, Buyers acknowledge that the applicable fee will be assessed by said County and Escrow Holder shall debit the account of Buyer for same at close of escrow.
Buyer and Seller herein represent and warrant that they will seek and obtain independent legal advice and counsel relative to their obligations under the "Foreign Investors In Real Property Act", and any other applicable federal and/or state laws regarding same, and will take all steps necessary in order to comply with such requirements and hereby hold you harmless relative to their compliance therewith.

**16. ENCUMBRANCES**
Escrow Holder is to act upon any statements furnished by a lienholder or his agent without liability or responsibility for the accuracy of such statements. Any adjustments necessary because of a discrepancy between the information furnished Escrow Holder and any amount later determined to be correct shall be settled between the parties direct and outside of escrow.
You are authorized, without the need for further approval, to debit my account for any fees and charges that I have agreed to pay in connection with this escrow, and for any amounts that I am obligated to pay to the holder of any lien or encumbrance to establish the title as insured by the policy of title insurance called for in these instructions. If for any reason my account is not debited for such amounts at the time of closing, I agree to pay them immediately upon demand, or to reimburse any other person or entity who has paid them.

**17. ENVIRONMENTAL ISSUES**
Versal Escrow Services, Inc. has made no investigation concerning said property as to environmental/toxic waste issues. Any due diligence required or needed to determine environmental impact as to forms of toxification, if applicable, will be done directly and by principals outside of escrow. Versal Escrow Services, Inc. is released of any responsibility and/or liability in connection therewith.

**18. USURY**
Escrow Holder is not to be concerned with any questions of usury in any loan or encumbrance involved in the processing of this escrow and is hereby released of any responsibility or liability therefore.

**19. DISCLOSURE**
Escrow Holder's knowledge of matters affecting the property, provided such facts do not prevent compliance with these instructions, does not create any liability or duty in addition to these instructions.

**20. FACSIMILE SIGNATURE**
Escrow Holder is hereby authorized and instructed that, in the event any party utilizes "facsimile" transmitted signed documents or instructions to Escrow Holder, you are to rely on the same for all escrow instruction purposes and the closing of escrow as if they bore original signatures.

**21. CLARIFICATION OF DUTIES**
Versal Escrow Services, Inc. serves ONLY as an Escrow Holder in connection with these instructions and cannot give legal advice to any party hereto. Escrow Holder is not to be held accountable or liable for the sufficiency or correctness as to form, manner of execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same. Escrow Holder's duties hereunder shall be limited to the proper handling of such money and the proper safekeeping of such instruments, or other documents received by Escrow Holder, and for the disposition of same in accordance with the written instructions accepted by Escrow Holder.
The agency and duties of Escrow Holder commence only upon receipt of copies of these Escrow Instructions executed by all parties.

**22. FUNDS HELD IN ESCROW**
When the company has funds remaining in escrow over 90 days after close of escrow or estimated close of escrow, the Company shall impose a monthly holding fee of $25.00 that is to be charged against the funds held by the Company.

**23. NON-RESIDENT ALIEN**
The Foreign Investment in Real Property Tax Act (FIRPTA), Title 26 U.S.C., Section 1445, and the regulations thereunder, provide in part, that a transferee (buyer) of a U.S. real property interest from a foreign person (non-resident alien) must withhold a tax equal to ten percent (15%) of the amount realized on the disposition, report the transaction and remit the withholding to the Internal Revenue Service within twenty (20) days after the transfer. Versal Escrow Services, Inc. has not and will not participate in any determination of whether the FIRPTA tax provisions are applicable to the subject

(CONTINUED)

Seller's Initials: _____/_____                                                                     Buyer's Initials: _____/_____

Date: May 15, 2018                                                                                                                          Escrow No.: 001478-PK

Page 7 of 7: Additional instructions made a part of previous pages as fully incorporated therein.

transaction, nor act as a Qualified Substitute nor furnish tax advice to any party to the transaction. Versal Escrow Services, Inc. is not responsible for determining whether the transaction will qualify for an exception or an exemption and is not responsible for the filing of any tax forms with the Internal Revenue Service as they relate to FIRPTA. Versal Escrow Services, Inc. is not the agent for the Buyer for the purposes of receiving and analyzing any evidence or documentation that the Seller in the subject transaction is a U.S. citizen or a resident alien. The Buyer is advised they must independently make a determination of whether the contemplated transaction is taxable or non-taxable and the applicability of the withholding requirement to the subject transaction, and should seek the advice of their attorney or accountant. Versal Escrow Services, Inc. is not responsible for the payment of this tax and/or penalty and/or interest incurred in connection therewith and such taxes are not a matter covered by the Owner's Policy of Title Insurance to be issued to the Buyer. The Buyer is advised they bear full responsibility for compliance with the tax withholding requirement if applicable and/or for payment of any tax, interest, penalties and/or other expenses that may be due on the subject transaction.

THIS AGREEMENT IN ALL PARTS APPLIES TO, INURES TO THE BENEFIT OF, AND BINDS ALL PARTIES HERETO, THEIR HEIRS, LEGATEES, DEVISEES, ADMINISTRATORS, EXECUTORS, SUCCESSORS AND ASSIGNS, AND WHENEVER THE CONTEXT SO REQUIRES THE MASCULINE GENDER INCLUDES THE FEMININE AND NEUTER, AND THE SINGULAR NUMBER INCLUDES THE PLURAL. THESE INSTRUCTIONS AND ANY OTHER AMENDMENTS MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, EACH OF WHICH SHALL BE CONSIDERED AS AN ORIGINAL AND BE EFFECTIVE AS SUCH.

MY SIGNATURE HERETO CONSTITUTES INSTRUCTION TO ESCROW HOLDER OF ALL TERMS AND CONDITIONS CONTAINED IN THIS AND ALL PRECEDING PAGES AND FURTHER SIGNIFIES THAT I HAVE READ AND UNDERSTAND THESE GENERAL PROVISIONS.

**SELLERS:**                                                                                  **BUYERS:**

_____                                      _____
Evan T. Flynn                                                                                Debbie J. Viva


_____
Elizabeth Anne Flynn



**VERSAL ESCROW SERVICES, INC.**

1200 Newport Center Drive #140
Newport Beach, CA 92660

Phone: (949) 554-1275
Fax: (949) 610-7546

## SELLER'S ESTIMATED SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **PROPERTY:** | 2662 Sierra Del Leon<br>Corona, CA 92882 | **DATE:** | May 21, 2018 |
| **SELLER:** | Evan T. Flynn and Elizabeth Anne Flynn | **CLOSING DATE:**<br>**ESCROW NO.:** | June 13, 2018<br>001478-PK |

| | DEBITS | CREDITS |
|---|---:|---:|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 687,500.00 |
| | | |
| **PAYOFF CHARGES - Ditech Financial LLC** | | |
| **[Total Payoff $23,539.74]** | | |
| Principal Balance | 23,539.74 | |
| | | |
| **PAYOFF CHARGES - Wells Fargo Home Mortgage** | | |
| **[Total Payoff $11,963.12]** | | |
| Principal Balance | 11,963.12 | |
| | | |
| **PAYOFF CHARGES - Internal Revenue Service** | | |
| **[Total Payoff $42,218.72]** | | |
| Estimated Lien Release | 42,218.72 | |
| | | |
| **PAYOFF CHARGES - Internal Revenue Service** | | |
| **[Total Payoff $22,877.42]** | | |
| Estimated Lien Release | 22,877.42 | |
| | | |
| **PAYOFF CHARGES - Internal Revenue Service** | | |
| **[Total Payoff $15,273.60]** | | |
| Estimated Lien Release | 15,273.60 | |
| | | |
| **PAYOFF CHARGES - Franchise Tax Board** | | |
| **[Total Payoff $15.00]** | | |
| Estimated Lien Release | 15.00 | |
| | | |
| **PAYOFF CHARGES - County of Riverside** | | |
| **[Total Payoff $17.90]** | | |
| Estimated Lien Release | 17.90 | |
| | | |
| **COMMISSION CHARGES** | | |
| Pacific SIR | 13,750.00 | |
| Reliance Real Estate Services | 17,187.50 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| MyNHD, Inc. for Natural Hazard Report | 104.95 | |
| First American Home Buyer's Protection for Home Warranty Plan | 500.00 | |
| Versal Escrow Services, Inc. for Refundable Pad | 350.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - Chicago Title Company** | | |
| Title - Owner's Title Insurance | 1,912.00 | |
| Title - Sub Escrow Fee | 62.50 | |
| Title - Messenger Fee | 25.00 | |
| Transfer Tax - County to Riverside County | 756.25 | |
| Transfer Tax - City to City of Riverside | 756.25 | |
| | | |
| **ESCROW CHARGES - Versal Escrow Services, Inc.** | | |
| Title - Escrow Fee | 1,575.00 | |
| Title - Overnight Courier | 35.00 | |
| Title - Demand Processing | 200.00 | |
| | | |
| **Net Proceeds** | 534,380.05 | |
| | | |
| **TOTAL** | $ 687,500.00 | $ 687,500.00 |

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

Date: May 21, 2018                                              Escrow No.: 001478-PK

Page 2 of 2:

_____
Evan T. Flynn


_____
Elizabeth Anne Flynn

Fill in this information to identify your case:

Debtor 1          **Evan Todd Flynn**

Debtor 2          **Elizabeth Flynn**
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

Case number    **6:18-bk-10873**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
# Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | | |
| **Employer's name** | | |
| **Employer's address** | | |
| **How long employed there?** | | |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ N/A |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ 0.00 | $ N/A |

| Debtor 1 | Flynn, Evan Todd & Flynn, Elizabeth | Case number (*if known*) | 6:18-bk-10873 |
| Debtor 2 | | | |

|   |   |   | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
|   | Copy line 4 here | 4. | $ 0.00 | $ N/A |
| 5. | **List all payroll deductions:** | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ N/A |
| 5e. | Insurance | 5e. $ | 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. $ | 0.00 | $ N/A |
| 5g. | Union dues | 5g. $ | 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ $ | 0.00 | + $ N/A |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ | 0.00 | $ N/A |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. $ | 0.00 | $ N/A |
| 8. | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ | 8,700.00 | $ N/A |
| 8b. | **Interest and dividends** | 8b. $ | 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ | 0.00 | $ N/A |
| 8d. | **Unemployment compensation** | 8d. $ | 0.00 | $ N/A |
| 8e. | **Social Security** | 8e. $ | 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. $ | 0.00 | $ N/A |
| 8g. | **Pension or retirement income** | 8g. $ | 0.00 | $ N/A |
| 8h. | **Other monthly income.** Specify: contribution from Daughter | 8h.+ $ | 145.93 | + $ N/A |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ | 8,845.93 | $ N/A |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ | 8,845.93 + | $ N/A = $ 8,845.93 |
| 11. | **State all other regular contributions to the expenses that you list in** *Schedule J*. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. Specify: | | 11. +$ | 0.00 |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | | 12. $ | 8,845.93 **Combined monthly income** |

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain:

Official Form 106I    **Schedule I: Your Income**    page 2

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Evan Todd Flynn |
| Debtor 2 (Spouse, if filing) | Elizabeth Flynn |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION |
| Case number (If known) | 6:18-bk-10873 |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

       ■ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☐ No

   Do not list Debtor 1 and Debtor 2.  ■ Yes. Fill out this information for each dependent............

   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter1 | 21 | ■ No ☐ Yes |
| Daughter 2 | 19 | ☐ No ■ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental** *Schedule J*, **check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on** *Schedule I: Your Income* **(Official Form 106I.)**

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 850.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 537.00 |

| Debtor 1 | **Flynn, Evan Todd & Flynn, Elizabeth** | Case number (if known) | **6:18-bk-10873** |
|---|---|---|---|
| Debtor 2 | | | |

6. **Utilities:**
  - 6a. Electricity, heat, natural gas — 6a. $ **165.00**
  - 6b. Water, sewer, garbage collection — 6b. $ **100.00**
  - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **300.00**
  - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **500.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **0.00**
10. **Personal care products and services** — 10. $ **250.00**
11. **Medical and dental expenses** — 11. $ **0.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **0.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **0.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
  - 15a. Life insurance — 15a. $ **0.00**
  - 15b. Health insurance — 15b. $ **0.00**
  - 15c. Vehicle insurance — 15c. $ **400.00**
  - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ **0.00**
17. **Installment or lease payments:**
  - 17a. Car payments for Vehicle 1 — 17a. $ **145.93**
  - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
  - 17c. Other. Specify: — 17c. $ **0.00**
  - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** Schedule I, Your Income **(Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on** Schedule I: Your Income.
  - 20a. Mortgages on other property — 20a. $ **0.00**
  - 20b. Real estate taxes — 20b. $ **0.00**
  - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
  - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
  - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify:    **Contribution** — 21. +$ **145.93**
22. **Calculate your monthly expenses**
  - 22a. Add lines 4 through 21. — $ **3,393.86**
  - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
  - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **3,393.86**
23. **Calculate your monthly net income.**
  - 23a. Copy line 12 (your combined monthly income) from Schedule I. — 23a. $ **8,845.93**
  - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **3,393.86**
  - 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. — 23c. $ **5,452.07**
24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    ■ No.
    ☐ Yes.    Explain here:

Official Form 106J    **Schedule J: Your Expenses**    page 2